# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH VAN SACH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 16 C 5530 |
| v. | ) | |
| | ) | Chief Judge Rubén Castillo |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Joseph Van Sach moves to vacate his sentence pursuant to 28 U.S.C. § 2255 based on the

U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (R. 5, Mot.)

For the reasons set forth below, his motion is denied.

## BACKGROUND

In 2005, Van Sach was convicted of being a felon in possession of a firearm in violation

of 18 U.S.C. § 922(g). *United States v. Van Sach*, 458 F.3d 694, 696 (7th Cir. 2006). He was

sentenced to 210 months under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—

which provides enhanced sentences for defendants who have three or more prior violent felony

convictions—based on his Illinois convictions for aggravated battery to a police officer and

armed robbery. *Id.* at 703-05. In 2006, his federal conviction and sentence were affirmed by the

U.S. Court of Appeals for the Seventh Circuit in all respects. *Id.* at 699-705.

In 2008, Van Sach filed a motion under Section 2255 seeking to vacate his sentence on

grounds that the Court committed various errors at trial and at sentencing. *Van Sach v. United*

*States*, No. 08 C 304, ECF No. 1. The Court denied his motion. *Id.*, ECF No. 4. He appealed, but

his appeal was dismissed by the Seventh Circuit for failure to pay the docketing fee without a determination of the merits. *Id.*, ECF No. 16.

In April 2016, Van Sach sought leave from the Seventh Circuit to pursue a second motion under Section 2255 based on the Supreme Court's 2015 decision in *Johnson*, which found a portion of the ACCA void on vagueness grounds.[1] (R. 1, Mot.) The Seventh Circuit issued an order authorizing this Court to consider Van Sach's proposed *Johnson* claim. (R. 2, 7th Cir. Order.) In his filings with this Court, Van Sach argues that his Illinois convictions for aggravated battery to a police officer and armed robbery no longer constitute violent felonies for purposes of the ACCA after *Johnson*. (R. 5, Mot. at 1-3; R. 13, Reply at 2-14.) He argues that he has already served the maximum sentence that could have been imposed without the ACCA enhancement and should be immediately released from custody.[2] (R. 13, Reply at 1.) The government disagrees that Van Sach is entitled to relief under *Johnson*. (R. 12, Resp.)

## LEGAL STANDARD

A federal prisoner can move to vacate his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

---

[1] In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court made the holding of *Johnson* retroactive to cases on collateral review. Defendants whose criminal cases were already final at the time *Johnson* was decided had one year from the date the *Johnson* opinion was issued, or until June 26, 2016, to seek relief under Section 2255. *Holt v. United States*, 843 F.3d 720, 723 (7th Cir. 2016). Van Sach's motion filed in April 2016 is therefore timely.

[2] At present, Van Sach has served a little more than 11 years of his 17-year sentence. Without the ACCA enhancement, his conviction under 18 U.S.C. § 922(g) carried a statutory maximum sentence of ten years. 18 U.S.C. § 924(a)(2).

## ANALYSIS

The ACCA provides enhanced sentences for defendants convicted of violating 18 U.S.C. § 922(g) who have "three previous convictions by any court . . . for a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). A defendant who meets this definition is subject to a mandatory prison sentence of 15 years to life. *Id.* The ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that meets one of the following requirements: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) it is burglary, arson, extortion, or an offense involving the use of explosives; or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). The first clause is commonly referred to as the "elements clause," the second as the "enumerated crimes clause," and the third as the "residual clause." In *Johnson*, the Supreme Court invalidated the residual clause as unduly vague, but left intact the enumerated crimes clause and the elements clause. *See Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."); *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016) ("*Johnson* holds that the

residual clause is unconstitutionally vague. *Johnson* does not otherwise affect the operation of the Armed Career Criminal Act.").[3]

There is no question that Van Sach was convicted of violating 18 U.S.C. § 922(g), or that he has three Illinois convictions: two for aggravated battery of a police officer and one for armed robbery. He argues, however, that these offenses cannot be characterized as "violent felonies" after *Johnson* and thus his enhanced sentence is invalid.

## I.     Aggravated Battery Convictions

Because the residual clause has been invalidated, Van Sach's aggravated battery convictions must fall under either the elements clause or the enumerated crimes clause to count as predicates.[4] Aggravated battery is obviously not one of the enumerated offenses, 18 U.S.C.

---

[3] *Stanley*, as well as several other cases cited in this opinion, addressed the career offender provision of the U.S. Sentencing Guidelines, which, like the ACCA, provides for an enhanced sentence where the defendant has prior convictions for a "crime of violence." 827 F.3d at 564. The Guidelines define "crime of violence" as "any offense that has as an element the use, attempted use, or threatened use of physical force against another person"—the identical language used in the elements clause of the ACCA. U.S.S.G. § 4B1.2(a)(1). The career offender guideline also contained an identical residual clause, which the Seventh Circuit found invalid in light of *Johnson*. *United States v. Hurlburt*, 835 F.3d 715, 725 (7th Cir. 2016) (en banc). The Supreme Court recently overturned that ruling and held that the residual clause in the career offender guideline is not invalid on vagueness grounds. *See Beckles v. United States*, ---- S. Ct.----, 2017 WL 855781 (Mar. 6, 2017). Notwithstanding the evolution of the law on the residual clause, case law interpreting the *elements* clause of the career offender guideline remains instructive.

[4] Van Sach suggests that because this Court is precluded from considering whether the offenses satisfy either of the other two clauses that remain valid after *Johnson* because it relied on the residual clause at sentencing. (R. 13, Reply at 6.) He has not pointed to any legal authority in support of this argument, nor is the Court aware of any. The question before this Court is whether Van Sach's sentence should be invalidated under 28 U.S.C. § 2255. If he has sufficient predicates to qualify as an armed career criminal notwithstanding *Johnson*, then his sentence is proper. *See generally Holt*, 843 F.3d at 722-23 (suggesting that where Section 2255 petitioner's prior offenses could be categorized as violent felonies under either of the two clauses that remain valid after *Johnson*, he would not be entitled to habeas relief); *Rogers v. United States*, 179 F. Supp. 3d 835, 841-42 (C.D. Ill. 2016) (denying *Johnson* claim where consideration of state charging documents showed that petitioner's conviction qualified as a violent felony under the elements clause, even though the sentencing judge (who had since retired) may not have looked at the charging documents at the time of sentencing). Indeed, in the order granting Van Sach leave to pursue the present motion, the Seventh Circuit suggested that it would have conducted this inquiry if it had access to Van Sach's presentence report ("PSR"). (R. 2, 7th Cir. Order at 2 (observing that "the government did not provide Van Sach's PSR, so we cannot determine if, after *Johnson*, Van Sach is an armed career criminal")).

§ 924(e)(2)(B)(ii), which leaves the elements clause as the only possibility. As stated above, a prior conviction falls under the elements clause if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* The Supreme Court has interpreted "physical force" in this context to mean "*violent* force—that is, force capable of causing physical pain or injury to another person." *Curtis Johnson v. United States*, 559 U.S. 133, 140-42 (2010) ("*Curtis Johnson*").

In determining whether a prior conviction qualifies as an ACCA predicate, courts ordinarily apply a "categorical approach," which focuses solely on the text of the statute underlying the conviction. *United States v. Mathis*, 136 S. Ct. 2243, 2248 (2016). Application of this approach "is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Id.* The Court simply "lines up that crime's elements alongside those of the generic offense and sees if they match." *Id.* The analysis becomes difficult, however, when the relevant statute "ha[s] a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder." *Id.* at 2249. In other words, "[a] single statute may list elements in the alternative, and thereby define multiple crimes," some of which involve violent force while others do not. *Id.* In such cases, the Court employs a "modified categorical approach." *Id.* Under this approach, the Court may look to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* But even under that approach, the question is not "what the defendant did in fact," but rather, "whether the elements of the crime . . . bring the conviction within the scope of the recidivist enhancement." *Stanley*, 827 F.3d at 565; *see also Descamps v. United States*, 133 S. Ct. 2276, 2287 (2013) ("Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes

5

falling within certain categories, and not to the facts underlying the prior convictions." (citation omitted)).

Under Illinois law, a person commits battery "if he or she knowingly without legal justification by any means (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." 720 ILL. COMP. STAT. 5/12-3. The offense is elevated to aggravated battery if certain conditions are met, including where the offender knew the victim to be a peace officer, knew the victim to be pregnant, or committed the offense on public property. 720 ILL. COMP. STAT. 5/12-3.05. A conviction based on the first prong of the statute—*i.e.*, "causing bodily injury"—has as an element the use, attempted use, or threatened use of physical force, and therefore qualifies as a violent felony under the elements clause of the ACCA.[5] *Hill v. Werlinger*, 695 F.3d 644, 650 (7th Cir. 2012). By contrast, a conviction based on the second prong of the Illinois statute—*i.e.*, involving "physical contact of an insulting or provoking nature"—does not qualify as a violent felony for purposes of the ACCA. *See United States v. Evans*, 576 F.3d 766, 768 (7th Cir. 2009) (explaining that a conviction under the second prong of Illinois aggravated battery statute—for conduct like "spit[ting] on a pregnant woman"—does not qualify as a predicate offense for federal sentencing purposes); *United States v. Saunders*, No. 15 C 8587, 2016 WL 1623296, at *2 (N.D. Ill. Apr.

---

[5] To the extent Van Sach is arguing that the Illinois aggravated battery statute does not involve the level of force required by *Curtis Johnson*, (R. 13, Reply at 2), the Court finds this argument unavailing. The Seventh Circuit held in *Hill*—which was decided after *Curtis Johnson* and specifically referenced that opinion—that a conviction under the first prong of the Illinois battery statute involved the requisite level of force to qualify as an ACCA predicate. 695 F.3d at 649-50. This Court is required to follow *Hill* unless it is overturned by the Seventh Circuit, which appears unlikely given recent cases in which the Circuit rejected arguments similar to Van Sach's. *See United States v. Bailey*, No. 16-1280, 2017 WL 716848, at *1 (7th Cir. Feb. 23, 2017) ("We already have concluded that the phrase 'causes bodily harm' in the Illinois statute[] defining battery . . . means force that would satisfy [*Curtis*] *Johnson*'s requirement of violent physical force."); *United States v. Waters*, 823 F.3d 1062, 1064 (7th Cir.), *cert. denied*, 137 S. Ct. 569, 196 L. Ed. 2d 448 (2016) (observing that it had previously concluded that a conviction for domestic battery under Illinois law involves the level of force required by *Curtis Johnson*, and defendant "has not persuaded us that this precedent should be overturned").

25, 2016) ("Battery [under Illinois law] does not automatically qualify as a violent felony because there is an avenue by which battery may occur without force.").

Given these different ways of violating the statute, the Seventh Circuit has held that the Illinois aggravated battery statute is divisible, requiring application of the modified categorical approach. *See Stanley*, 827 F.3d at 566; *see also United States v. Rodriguez-Gomez*, 608 F.3d 969, 973 (7th Cir. 2010) (looking to state charging document and concluding that defendant's Illinois aggravated battery conviction for kicking a police officer involved an element of force). Van Sach believes that this line of cases is no longer valid after the Supreme Court's 2016 decision in *Mathis*. (R. 13, Reply at 6-7.) He is right that *Mathis* "narrowed the field of statutes that can be deemed divisible." *Garcia-Hernandez v. Boente*, 847 F.3d 869, 872 (7th Cir. 2017). After *Mathis*, a statute will be considered divisible "only if it creates multiple offenses by listing one or more alternative *elements*." *United States v. Edwards*, 836 F.3d 831, 835 (7th Cir. 2016). By contrast, "[a] statute that defines a single offense with alternative *means* of satisfying a particular element is indivisible and therefore not subject to the modified categorical approach." *Id.*

Although the Seventh Circuit has not expressly considered whether the Illinois aggravated battery statute is divisible following *Mathis*, it is this Court's view that *Mathis* would not alter the Seventh Circuit's prior rulings on this issue. As drafted, the Illinois aggravated battery statute describes multiple offenses with alternative elements: battery causing bodily harm, and battery by physical contact of "an insulting and provoking nature." 720 ILL. COMP. STAT. 5/12-3; *see also Mathis*, 136 S. Ct. at 2248 ("Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." (citation and internal quotation marks omitted)). The statute has a different structure than the Iowa

burglary statute at issue in *Mathis*, which "enumerate[d] various factual means of committing a single element," *i.e.*, "the various places that crime could occur."[6] *Id.* at 2248-49. Notably, other district judges in this Circuit have continued to apply the modified categorical approach to determine whether an Illinois aggravated battery conviction constitutes a violent felony under the elements clause after *Mathis*. *See Bell v. United States*, No. 16-CV-736-NJR, 2017 WL 553013, at *3 (S.D. Ill. Feb. 10, 2017) (looking to charging document to determine whether petitioner's Illinois conviction for aggravated battery to a police officer fell under the elements clause of the ACCA); *Rogers v. United States*, 179 F. Supp. 3d 835, 841-42 (C.D. Ill. 2016) (same). The Court believes this to be the correct approach.

Therefore, the Court looks to the charging documents in Van Sach's state cases to determine which prong of the battery statute he was convicted of violating. In consulting those documents, it is clear that Van Sach's aggravated battery convictions were premised on the first prong of the statute, as both involved bodily harm to the victim. In case number 94 CR 11407, the information charged that Van Sach "knowingly and without legal justification caused bodily harm to Officer Ronald Caliendo . . . by kicking him and pushing him, causing him to fall to the ground." (R. 12-2, State Ct. Records at 6.) He was found guilty and sentenced to 60 days in jail. (*Id.* at 4.) In case number 95 CR 07530, the information charged that Van Sach "intentionally or knowingly without legal justification caused bodily harm to Police Officer Mercado, knowing him to be a peace officer engaged in the execution of his official duties . . . by scratching and

---

[6] Likewise, a Wisconsin burglary statute at issue in *Edwards* (which the Seventh Circuit found to be indivisible following *Mathis*) provided as follows: "Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class F felony: (a) Any building or dwelling; or (b) An enclosed railroad car; or (c) An enclosed portion of any ship or vessel; or (d) A locked enclosed cargo portion of a truck or trailer; or (e) A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or (f) A room within any of the above." WISC. STAT. § 943.10(1m). The Seventh Circuit understood the different locations to be merely "illustrative examples" of where the offense could take place, not actual elements of the offense. *Edwards*, 836 F.3d at 837.

8

biting Officer Mercado's hand." (R. 12-3, State Ct. Records at 3.) Van Sach was found guilty

and sentenced to two years in prison. (*Id.* at 9.)

Based on the above, the Court finds that Van Sach's Illinois aggravated battery

convictions have as an element "the use, attempted use, or threatened use of physical force," and

therefore qualify as violent felonies under the ACCA notwithstanding *Johnson*. *See Stanley*, 827

F.3d at 565 (observing that "Stanley's [Illinois] conviction for aggravated battery of a peace

officer . . . is outside the scope of *Johnson*" because it fell under the elements clause); *Bell*, 2017

WL 553013, at *3 (holding that petitioner's Illinois conviction for aggravated battery to a police

officer where he was alleged to have "caused bodily harm to a peace officer by striking [the

officer] in the shoulder and head with a beer bottle" constituted a violent felony under the

elements clause of the ACCA and was thus unaffected by *Johnson*); *Rogers*, 179 F. Supp. 3d at

841-42 (denying Section 2255 petition raising *Johnson* claim where petitioner's Illinois

aggravated battery conviction involved bodily harm to the victim and thus fell under elements

clause of the ACCA); *Saunders*, 2016 WL 1623296, at *2 (rejecting petitioner's *Johnson* claim

where the charging document in his Illinois aggravated battery case "indicate[d] an element of

bodily harm against the victim" and thus fell under elements clause of the ACCA); *Taylor v.

United States*, No. 15-CV-1087-MJR, 2016 WL 5369476, at *9 (S.D. Ill. Sept. 26, 2016)

(denying petitioner's *Johnson* claim where charging document underlying Illinois aggravated

battery conviction showed that offense involved bodily harm to the victim).

## II. Armed Robbery Conviction

Van Sach's remaining argument is that his Illinois conviction for armed robbery does not

constitute a violent felony after *Johnson*. (R. 13, Reply at 8-14.) Again, this conviction counts as

a predicate if it falls within either of the two clauses that remain valid after *Johnson*. Armed

robbery is not one of the enumerated offenses, 18 U.S.C. § 924(e)(2)(b), which leaves only the

elements clause. As stated above, an offense qualifies as a violent felony under the elements

clause if it "has as an element the use, attempted use, or threatened use of physical force against

the person of another." 18 U.S.C. § 924(e)(2)(B)(ii). Under the Supreme Court's decision in

*Curtis Johnson*, this means "force capable of causing physical pain or injury to another person."

559 U.S. at 140-42.

The Illinois robbery statute provides that "[a] person commits robbery when he or she

knowingly takes property . . . from the person or presence of another by the use of force or by

threatening the imminent use of force." 720 ILL. COMP. STAT. 5/18-1(a). The offense is elevated

to aggravated robbery when the defendant commits robbery as defined by the statute "while

indicating verbally or by his or her actions to the victim that he or she is presently armed with a

firearm or other dangerous weapon." 720 ILL. COMP. STAT. 5/18-1(b)(1). By its terms, the statute

includes an element the use of force or, at a minimum, threatening the imminent use of force,

which tracks the language of the elements clause. 18 U.S.C. § 924(e)(2)(B)(ii). Because of the

plain language of the statute, the Seventh Circuit has long held that a conviction under the

Illinois robbery statute falls under the elements clause of the ACCA. *United States v. Dickerson*,

901 F.2d 579, 584 (7th Cir. 1990) (holding that Illinois robbery statute "in its own terms includes

the elements of either 'use of force or . . . threatening the imminent use of force,' that clearly

come within the scope of 18 U.S.C. § 924(e)(2)(B)."); *see also United States v. Carter*, 910 F.2d

1524, 1532 (7th Cir. 1990) ("It is beyond dispute that under Illinois law, robbery is an offense

that has as an element the use or threatened use of force.").

Van Sach argues that the Seventh Circuit's *Dickerson* opinion is no longer valid after the

Supreme Court's 2010 decision in *Curtis Johnson*. (R. 13, Reply at 8-14.) In essence, he believes

that some minimal level of force could be used to commit robbery under the Illinois statute that would not satisfy the definition of force required by *Curtis Johnson*—for example, where a defendant "snatch[ed] a chain from the victim's neck." (*Id.* at 10.) The Court disagrees that the act of "snatching" an item of jewelry off a person's body is not "capable of causing physical pain or injury," which is all that *Curtis Johnson* requires. 559 U.S. at 140-42. But in any event, *Dickerson* remains binding precedent in this Circuit, and this Court must follow it unless it is overturned by the Seventh Circuit. This seems unlikely given that the Seventh Circuit and district judges in this Circuit have continued to rely on *Dickerson* even after the *Curtis Johnson* decision. *See, e.g., United States v. Nigg*, 667 F.3d 929, 937 (7th Cir. 2012) (applying *Dickerson* to reject argument that conviction under Arizona robbery statute did not constitute a violent felony under the ACCA); *United States v. Jones*, No. 07 CR 415, 2016 WL 6995569, at *3 (N.D. Ill. Nov. 29, 2016) (applying *Dickerson* and holding that Illinois armed robbery conviction constituted a violent felony for purposes of the ACCA); *Adams v. United States*, No. 16-1096, 2016 WL 4487835, at *2 (C.D. Ill. Aug. 25, 2016) (same).

Indeed, in a recent case, the Seventh Circuit rejected an argument like Van Sach's in the context of determining whether a federal bank robbery conviction constituted a violent crime for purposes of a parallel federal sentencing enhancement contained in the U.S. Sentencing Guidelines; the Seventh Circuit concluded that the offense involved the level of force required by *Curtis Johnson* even though it could be accomplished through "'intimidation,' as distinct from by 'force or violence.'" *United States v. Armour*, 840 F.3d 904, 908 (7th Cir. 2016). As the Seventh Circuit explained:

> *Curtis Johnson* teaches that the violent force that must be feared for robbery by intimidation to be a crime of violence has a low threshold—a fear of a slap in the face is enough. This low threshold of violent force is necessarily satisfied in attempted bank robbery by intimidation. A bank employee can reasonably believe

11

> that a robber's demands for money to which he is not entitled will be met with violent force of the type satisfying *Curtis Johnson* because bank robbery . . . inherently contains a threat of violent physical force.

*Id.* at 909 (citations omitted). As another judge in this District recently concluded, the Seventh Circuit's reasoning applies with equal force to the Illinois armed robbery statute. *See Jones*, 2016 WL 6995569, at *3 (applying *Armour* and *Dickerson* to reject Section 2255 motion arguing that Illinois armed robbery conviction did not constitute a violent felony under the ACCA).

For these reasons, the Court concludes that Van Sach's Illinois armed robbery conviction falls under the elements clause of the ACCA. Van Sach thus has three prior violent felony convictions as defined by the ACCA and is properly serving an enhanced sentence under that statute. His Section 2255 motion is denied.

## III. Certificate of Appealability

As a final matter, the Court must decide whether to grant Van Sach a certificate of appealability. *See* RULE 11 OF THE RULES GOVERNING SECTION 2255 CASES. To obtain a certificate of appealability, Van Sach must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Given the rapidly evolving law in this Circuit interpreting *Johnson* and *Mathis*, and the nuanced inquiry required in the case of divisible statutes, the Court finds that reasonable jurists could debate the outcome of Van Sach's first claim regarding his aggravated battery convictions. The Court will grant him a certificate of appealability on that issue as outlined below. Because Seventh Circuit case law is

clear on the issue of Van Sach's armed robbery conviction, the Court declines to grant him a certificate of appealability on that claim.

## CONCLUSION

For the foregoing reasons, the motion under 28 U.S.C. § 2255 (R. 5) is DENIED and hereby DISMISSED WITH PREJUDICE. The Clerk of the Court is DIRECTED to enter a final judgment in favor of Respondent United States of America and against Petitioner Joseph Van Sach. Petitioner is GRANTED a certificate of appealability on the following issue: Whether his Illinois aggravated battery convictions constitute violent felonies for purposes of the Armed Career Criminal Act following the Supreme Court's decisions in *Johnson* and *Mathis*.

ENTERED: _____

Chief Judge Rubén Castillo
United States District Court

Dated: March 14, 2017